UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA DUPUY | * | CIVIL ACTION |
| versus | * | NO. 07-4661 |
| FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is defendant Fidelity National Property and Casualty Insurance Company's Motion for Summary Judgment. For the foregoing reasons, the motion is GRANTED.

Background

Plaintiff purchased a Standard Flood Insurance Policy (SFIP) under the National Flood Insurance Program (NFIP), issued by Fidelity as a "Write-Your-Own" program carrier. The policy was in effect at the time Hurricane Katrina struck the Gulf Coast in August 2005. The insured property, located at 425-427 Greenmount Drive, Metairie, Louisiana, had building limits of $250,000, had contents limits of $100,000, and is subject to a $500 deductible. Alleging flood damage to the covered property as a result of Hurricane Katrina, the plaintiff filed a claim for benefits under

its SFIP with Fidelity. Fidelity assigned an independent adjuster to assist with the plaintiff's claim, who determined that there was no damage to the covered property as a result of flood. On November 23, 2005, Fidelity sent the plaintiff a letter advising her that the adjuster reported that there were no flood damages to the property.[1] The plaintiff filed suit in August 2007, seeking payment under her SFIP for damages to her home due to Katrina.

Fidelity moves for summary judgement, alleging the plaintiff failed to comply with the conditions precedent to filing suit, failed to provide sufficient documentation of her losses, and failed to file suit within one year of the written denial of her request for payment. First, Fidelity asserts that filing a timely proof of loss is a condition precedent to filing suit under the SFIP, and the failure to do so bars the plaintiff's claims. Next, Fidelity claims that the plaintiff has failed to submit sufficient documentation of flood related damage to support her claim. Fidelity also points out that the plaintiff failed to file suit within one year of the written denial of her request for payment, which occurred on November 23, 2005. Finally, Fidelity urges that

---

[1] Plaintiff asserts in her Opposition that she "was unaware of the denial of her claim and does not recall any such denial letter." However, Fidelity has submitted the plaintiff's responses to Fidelity's requests for admissions, in which the plaintiff admits that she learned her flood claim was denied by Fidelity upon her receipt of a letter from Fidelity's Flood Claims Department. Further, in the plaintiff's deposition, she identifies this letter and agrees that she received it.

plaintiff's claims for attorneys fees and extra-contractual relief under state law are preempted and barred by federal law and the provisions of the SFIP.

The plaintiff counters that there remains a genuine issue of material fact. She asserts that FEMA issued conflicting messages regarding the waiver of proof-of-loss requirements under the SFIP for Katrina-related flood claims; therefore, she submits, there is an issue of material fact as to whether FEMA expressly waived the proof-of-loss requirement. Plaintiff also contends, in the face of a record to the contrary, that she was unaware of the denial of her claims, and therefore her claims should not be time-barred. Finally, the plaintiff urges that the proof-of-loss requirements in the SFIP violates the equal protection guarantees of the 5th and 14th Amendments to the Constitution of the United States.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is appropriate on this record. The plaintiff failed to file a proof of loss for her claim that complied with the requirements of the SFIP. Because strict compliance with the SFIP provisions are required, the plaintiff's claim is barred.

A. The National Flood Insurance Program

Congress created the NFIP. It is administered by FEMA and the Federal Insurance Administration and underwritten by the United States Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds, regardless of whether the policy was issued by the government directly or by a Write-Your-Own (WYO) program carrier. See 44 C.F.R. Pt. 62, App. A., Art. III(D)(1); see also Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998). As a matter of law, Fidelity, or any WYO Program carrier, may not alter, amend, or waive any provision or condition of NFIP policies. The federal insurance administrator has sole authority for such a waiver, and it must be express and in writing. See 44 C.F.R. Pt. 61, App. A(1), Art. IX(d); 44 C.F.R. Pt. 61.13(d). Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of a claim is constitutionally required. Gowland, 143 F.3d at 953.

A policy issued under the NFIP is called a Standard Flood Insurance Policy. A SFIP is a "regulation of [FEMA], stating the conditions under which federal flood insurance funds may be disbursed to eligible policyholders." Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1054 (5th Cir. 2008) (per curiam) (quoting Mancini v. Redland Ins. Co., 248 F.3d 729, 733 (8th Cir. 2001)). The front page of every SFIP

expressly states that all flood insurance policies provide flood insurance subject to the terms of the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. § 4001, et seq., and the regulations found in Title 44 of the Code of Federal Regulations. These are no longer novel issues. Claimants are bound by the terms of the policy, and by the terms of the statutes and regulations. Article IX of the SFIP specifically provides that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 as amended (42 U.S.C. § 4001, et. seq.) and Federal common law." 44 C.F.R. Pt. 61.App.A(1), Article IX. An insured cannot file a lawsuit seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements. 44 C.F.R. § 61, app. (A)(1), art. VII(R).

The SFIP requires the insured to submit proof of loss in order to be paid under the flood policy for damage.[2] Federal regulations

---

[2] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) defines proof of loss:
"Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
    a. The date and time of loss;
    b. A brief explanation of how the loss happened;
    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
    d. Details of any other insurance that may cover the loss;
    e. Changes in title or occupancy of the covered property

require that proof of loss be submitted within sixty days. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). But on August 31, 2005, David Maurstad, the Acting Federal Insurance Administrator, issued a written order waiving the proof-of-loss requirement for those who do not contest adjusters' estimates of damage. The order also extended the proof-of-loss requirement deadline for those policyholders who disagree with the insurer's adjustment, settlement, or payment of the claim to one year after the date of loss. See Marseilles, 542 F.3d at 1056-57. Because Dupuy is in the latter category of policyholders, she had one year from the date of her loss, August 29, 2005, to submit a proof of loss under the flood policy.[3]

B. Application

Dupuy does not dispute the fact that she did not submit a timely proof of loss to Fidelity. Instead, she contends that FEMA issued conflicting statements regarding the proof-of-loss requirement for Katrina-related claims, placing the intentions of

---

during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;
g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of the loss and for what purpose; and
I. The inventory of damaged personal property described in J.3. above."

[3] Ms. Dupuy admits that the last day on which she could have submitted a proof of loss to Fidelity in support of her SFIP claim arising out of Hurricane Katrina was August 28, 2006.

FEMA "in doubt."[4] The NFIP is clear: the FEMA Administrator is the only person who can waive any requirements of the NFIP or SFIP, and such a waiver must be clear, unambiguous, and in writing. See 44 C.F.R. Pt. 61, App. A(1), Art. IX(d); 44 C.F.R. Pt. 61.13(d). The FEMA Administrator issued such a written statement on August 31, 2005, and the plaintiff agrees that this statement affirmed the proof-of-loss requirement for those claimants who disagreed (as opposed to those who agreed) with the adjustment, settlement, or payment of their claim. See also Marseilles, 542 F.3d at 1057. This is the only written statement by the Administrator regarding waiver of proof-of-loss for Katrina claims, and therefore, regardless of what the plaintiff argues about FEMA's website, she is bound by the time-limit extension in the August 31st letter.

This Court is bound to follow the Fifth Circuit's instructions on this subject:

> As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a

---

[4] The plaintiff points to two statements on FEMA's website in support of her contentions. First, she quotes a message posted on October 20, 2005, which states: "Waived proof-of-loss. The NFIP has waived the usual proof-of-loss requirement. Instead, where the policyholder agrees, the claim will be based upon the report by the claims adjuster." (Emphasis added.) This excerpt supports the statement of August 31, 2005, as it only waives the proof-of-loss requirement in situations where the insured agrees. Second, the plaintiff cites a link from the FEMA website that outlines the appeal process for claim disputes, which lacks a reference to the proof-of-loss. This absence of a mention does not constitute an affirmative, clear, and unambiguous waiver by the FEMA Administrator, as required by statute.

> complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.

Gowland, 143 F.3d at 954 (citing Federal Crop Ins. Corp. V. Merrill, 332 U.S. 380 (1947)). Dupuy did not fulfill the proof-of-loss requirement in the SFIP; her claims are barred as a matter of law.[5]

Accordingly, the defendant's Motion for Summary Judgment is GRANTED. The plaintiff's claims are hereby dismissed.

New Orleans, Louisiana, January 12, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Dupuy also challenges the constitutionality of the proof-of-loss requirement, asserting, without authority or support, that these requirements violate the equal protection guarantees of the 5th and 14th Amendments to the United States Constitution. The Court finds no merit in this argument. While the plaintiff mentions African American communities, her argument seems to focus on alleged dissimilar treatment of people with less education and of a lower economic class. As these are neither suspect classes, nor does the plaintiff claim a violation of a fundamental right, the Court must determine if the statute and regulations are rationally related to a legitimate government interest. See Exxon Corp. v. Eagerton, 462 U.S. 176, 195-96 (1983). The Court finds that the federal government has a legitimate interest in regulating the distribution of federal funds and that the NFIP and SFIP are rationally related to that purpose.